## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY CAFFIE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-1231 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Larry Caffie's ("Caffie"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Caffie's § 2255 Motion [#1] is DENIED.

### BACKGROUND

On April 20, 2006, Caffie was indicted on three counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (Counts 1-3), and one count of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (Count 4). Following a bench trial, he was found guilty of all counts and was sentenced to life imprisonment plus 10 years' supervised release on Count 4 and 168 months' imprisonment on Counts 1-3 to run concurrently. Caffie pursued a direct appeal to the Seventh Circuit, but his counsel filed an *Anders* brief seeking to withdraw based on the lack of any nonfrivolous basis for appeal. The Court of Appeals granted the withdrawal and affirmed his conviction and sentence on February 11, 2009. *United States v. Caffie*, 310 Fed.Appx. 24, 2009 WL 330365 (7th Cir. 2009).

Caffie now brings this § 2255 motion in which he raises essentially eight claims of error: (1) the Court committed a jurisdictional error in applying a § 851 enhancement due to the Government's

failure to file the Notice of Enhancement prior to trial; (2) the Court failed to comply with 21 U.S.C. § 851(b); (3) the Court erred in sentencing him for crack cocaine as opposed to some other form of cocaine; (4) he was denied the right to a meaningful appeal based on a complete transcript; (5) the Court erred in denying his Motion to Suppress; (6) his trial counsel was ineffective; (7) his appellate counsel was ineffective; and (8) he was sentenced to an unjust disparity based on the 100:1 crack/powder ratio. The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.

1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

    1.    <u>Failure to File § 851(a) Notice</u>

Caffie first argues that applying a § 851 enhancement when the Government failed to file the appropriate notice prior to trial was a jurisdictional error. This is a non-constitutional claim that could have been raised on direct appeal but was not and is therefore waived. *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988), *citing Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) ("non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review-regardless of cause and prejudice.") It would also appear that the claim would be without merit, as the record indicates that the Government provided a Notice of Intent to Use Evidence of Prior Convictions on June 9, 2006, followed by an Amended Notice on March 8, 2007.

    2.    <u>Failure to Inquire Pursuant to § 851(b)</u>

The next claim of error is that the Court failed to inquire about his prior convictions prior to enhancing his sentence as required by § 851(b). As with his claim under § 851(a), this is a non-constitutional claim that could have been raised on direct appeal but was not and is therefore waived under *Bontkowski*.

    3.    <u>Crack v. Other Cocaine Base</u>

Caffie contends that there was no proof beyond a reasonable doubt that the cocaine that he possessed was crack as opposed to some other form of cocaine, as the chemist reports identified the substance only as cocaine base. This issue was addressed by the Seventh Circuit on direct appeal, where the Court of Appeals held:

> Counsel next considers whether Caffie could argue that the evidence was insufficient to prove that the substance he was charged with

> distributing was crack, as opposed to another form of cocaine. Because the government sought to increase Caffie's maximum sentence under 21 U.S.C. § 841(b)(1) based on the drug type, the government had to prove beyond a reasonable doubt that the drug in question was crack cocaine. Here, the government proved that the substance was crack cocaine by offering testimony from experts familiar with the drug, such as veteran officers and forensic scientists. Detective Brice Stanfield testified that in a field test the large, off-white, rock-like substance tested positive for cocaine, and he believed it was crack. Denise Hanley, a forensic scientist specializing in drug chemistry, testified that because the substance tested positive for cocaine base, and appeared as off-white chunks, she concluded it was crack.

*Caffie*, 310 Fed.Appx. at 27. Accordingly, as Caffie presents no new factual or legal changes since this determination, he is barred from revisiting this issue in a § 2255 proceeding. *Belford*, 975 F.2d at 313.

      4.    <u>Complete Appellate Transcript</u>

This issue is based on Caffie's argument that the transcripts of his proceedings were "so altered, rearranged, changed, and contained substantial and significant omissions" that he was denied his right to a meaningful appeal based on a complete transcript. However, he does not indicate how the transcripts are altered, changed, or incomplete. Again, by virtue of his failure to respond following the filing of the *Anders* brief, Caffie could have raised this issue on appeal but failed to do so, barring it from further review absent a showing of cause and prejudice that he makes no effort to establish.

      5.    <u>Denial of Motion to Suppress</u>

Caffie asserts that the Court erred in taking "the role of a mind-reader" and denying his Motion to Suppress, as the Court accepted the officer's version of the events and discounted his claim that there was no probable cause to search his residence. This issue was also addressed by the Seventh Circuit on direct appeal.

> We agree with counsel that any attempt at challenging the district court's denial of a *Franks* hearing would be frivolous. Despite the attacks Caffie makes to the affidavit, he presents nothing that would provide insight into Gray's state of mind to show that his statements were made with deliberate or reckless disregard for the truth. Nor did the finding of probable cause depend on the challenged statement in Gray's affidavit or the omission of the informant's criminal record. Police surveillance detailed elsewhere in the affidavit showed that a person matching Caffie's description left Caffie's residence in a car registered to the address of that residence minutes before making the controlled drug buys. Furthermore, participation in drug trafficking activities may provide probable cause to search a participant's house because "'evidence is likely to be found where [drug] dealers live.'" And as for the affidavit's lack of detail about the informant's criminal record, we note that his credibility is not a critical issue, because he performed the controlled drug buys under the eye of police surveillance.

*Caffie*, 310 Fed.Appx. at 26. Moreover, even assuming that the search warrant was not supported by probable cause, the Court of Appeals concluded that suppression would still be unwarranted as the officers acted in good faith in executing the warrant. *Id.* Again, as Caffie presents no new factual or legal changes since this determination, he is barred from revisiting this issue in a § 2255 proceeding. *Belford*, 975 F.2d at 313.

      6.      <u>Ineffective Assistance of Trial Counsel</u>

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id.*, at 687-88; *Wyatt v. United States*, 574 F.3d 455, 458-59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 690. A prisoner must also prove

that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991).

Caffie alleges that his trial counsel, Jerry Serritella, was ineffective for failing to investigate or prepare, failing to interview witnesses, providing erroneous advice to induce Caffie to plead guilty, failing to object, presenting an inadequate final argument, and providing no assistance during sentencing. However, he fails to provide any facts to support his bald assertions of unprofessional error or make any attempt to demonstrate prejudice by showing that but for the alleged errors, the result of the proceeding would have been different. As such, he is entitled to no relief on this claim.

Additionally, Attorney Serritella has submitted an Affidavit stating that he had called an expert chemist to testify on behalf of Caffie, but Caffie decided not to call the witness after hearing the testimony of the government witnesses. Caffie was told on multiple occasions by both counsel and Judge McDade that in light of his prior convictions, he would face a mandatory life sentence if convicted following a trial. Attorney Serritella explored the possibility of a plea agreement to avoid this consequence, but the agreement was rejected by Caffie based on his refusal to cooperate in exchange for the more lenient sentence. Although Attorney Serritella advised his client to accept the plea agreement, Caffie insisted on proceeding to trial, so they went to trial. Finally, as acknowledged by the Court of Appeals on direct appeal, there was nothing more that could be done with respect to sentencing, as Caffie's prior convictions mandated a sentence of life imprisonment. *Caffie*, 310 Fed.Appx. at 27.

Although afforded an opportunity to file a reply to the Government's response, Caffie chose not to do so. Accordingly, Attorney Serritella's version of the facts stands unrebutted, providing an

alternative basis to support the conclusion that counsel did not render ineffective assistance under *Strickland*.

      7.      <u>Ineffective Assistance of Appellate Counsel</u>

Caffie maintains that he received ineffective assistance from appellate counsel when she failed to raise his § 851 issues, failed to obtain a complete transcript on appeal, and failed to raise an unspecified "forgone" issue that would have warranted a new trial.

Appellate counsel need not advance every conceivable argument on appeal, and assistance of counsel is constitutionally ineffective only if counsel fails to raise issues that are "obvious" and "clearly stronger than the ones raised." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994). While appellate counsel may be "constitutionally deficient in omitting a dead-bang winner even while zealously pressing other strong (but unsuccessful) claims," this is not the argument that is made in this petition. *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989). Caffie has not identified any specific issue that was obvious and clearly stronger than the arguments raised, much less a "dead-bang winner" that was ignored. Rather, he makes the bald assertion that counsel failed to raise an unspecified issue that would have warranted a new trial, ignoring the fact that he declined the opportunity to present any such issue in response to his attorney's *Anders* brief. This is plainly insufficient to establish ineffective assistance under *Strickland*. The other issues Caffie suggests have been found to be without merit, either by this Court or the Court of Appeals on direct review. Caffie is therefore entitled to no relief on this claim.

8. <u>Sentence Based on 100:1 Ratio</u>

Finally, Caffie contends that the Court erred in sentencing him based on the improper 100:1 disparity between crack and powder cocaine. However, it is clear in this case that his sentence was statutorily mandated rather than determined by any guidelines calculation. Given the fact that his conviction constituted a third felony drug conviction, life imprisonment was mandatory under 21 U.S.C. § 841(b)(1)(A). *See* <u>United States v. Seymour</u>, 519 F.3d 700, 709 n.1 (7th Cir.), *cert denied*, 129 S.Ct. 527 (2008).

Additionally, even if the Guidelines had some relevance to the sentence imposed in this case, the Seventh Circuit has held that arguments based on the application of the Sentencing Guidelines "must be raised on direct appeal or not at all." <u>Lanier v. United States</u>, 220 F.3d 833, 842 (7th Cir. 2000); <u>Martin v. United States</u>, 109 F.3d 1177, 1178 (7th Cir. 1996). This claim would alternatively be barred from further consideration in this § 2255 proceeding on this basis.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Id</u>.

Here, no reasonable jurist could conclude that Caffie's claims were not either barred from consideration, devoid of factual support, or flatly contradicted by the well-established law of this Circuit. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons set forth herein, Caffie's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [#1] is DENIED.  This matter is now terminated.

ENTERED this 16th day of June, 2011.

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge